ASAPH KITTREDGE *et al. versus* The Proprietors of the LOCKS and CANALS on Merrimack River.

Where one tenant in common of land conveys the whole estate in fee, with covenants of seisin and warranty, and the grantee enters and holds exclusive possession thereof, such entry and possession are a disseisin of the co-tenant.

WRIT of entry, in which the demandants declared on their own seisin in fee, within thirty years, and a disseisin by the tenants. The trial was before *Putnam* J.

In 1771, Thomas Fletcher died seised of the demanded premises, being one undivided fourth part of about eighteen acres of land in Lowell, and devised all his real estate to his two daughters, Rebecca, who was married to Jacob Kittredge on January 9, 1773, and Joanna, who was married to Benjamin Melvin on February 29, 1777. After the death of Fletcher, his widow and daughters occupied the demanded premises till the marriage of Rebecca, who then removed to Brookfield with her husband. The widow and Joanna remained in possession until the marriage of Joanna to Melvin. Immediately upon such marriage, Melvin entered into possession of the demanded premises, and held the same until May 31, 1782.

The widow of Fletcher died in 1798. Kittredge died on July 28, 1813, leaving Rebecca, his widow, and ten children, the eldest of which was born within one year from the time of the marriage. Rebecca died on August 17, 1818, and two of the children died subsequently, intestate and without issue. The present action was brought by two of the remaining children and the children of two who had deceased leaving issue.

The demandants entered upon the premises on May 31, 1833.

The tenants proved, that Melvin, by a warranty deed, dated May 31, 1782, conveyed the demanded premises to Joseph Chambers, from whom, through several mesne conveyances, they derived their title. The tenants and those under whom they claimed, had enjoyed exclusive and undisturbed possession rom 1777 to May 31, 1833, the time of the demandants entry.

By the consent of the parties, a nonsuit was entered, subject to the opinion of the Court.

*Smith* and *Mann*, for the demandants.

*Hoar* and *Robinson*, for the tenants.

Kittredge
*v.*
Locks and
Canals, &c

Oct. 13th.

*April term*
1836

SHAW C. J. delivered the opinion of the Court. The ground taken for the demandants in the present case, to avoid the obvious consequences of the disseisin of their ancestors, is, that when Benjamin Melvin conveyed the estate in fee to Joseph Chambers in 1782, the legal effect of his deed was to convey to Chambers one moiety only, being his own interest, that thereupon Chambers became tenant in common with Kittredge, and as the possession of one tenant in common is consistent as well with his own title as that of his co-tenant, it cannot be deemed in law to be adverse, and therefore is not to be considered as a disseisin, that Kittredge could not be considered disseised in his lifetime, that he died seised of a moiety in July, 1813, that the demandants entered within twenty years, in May, 1833, and so became seised in their own right. The Court are of opinion, that this position cannot be maintained ; that when one tenant in common conveys the whole estate in fee, with covenants of seisin and warranty, and his grantee enters, and claims and holds exclusive possession, the entry and holding must be deemed adverse to the title and possession of the co-tenant, and amount to a disseisin. The case finds, that from the conveyance in 1782 to Chambers by Benjamin Melvin, Chambers and those claiming under him, including the tenants, have had exclusive and undisturbed possession to May, 1833, when the demandants entered ; which was a disseisin. It has already been decided, in one of the causes involving questions upon this same title,* that where there is tenant by the curtesy initiate, a disseisin affects the right of the wife as well as that of the husband, that by force of the statute, in consequence of her disability of coverture, she has ten years in addition to the limited term of twenty years, to enter and regain her seisin. In this case, more than thirty years elapsed, after the conveyance to Chambers, before the death of Kittredge, so that at his death his wife's right of entry was

---

* See *Melvin* v. *Locks and Canals, &c.* 16 Pick. 161.

already gone ; but if she had had any right of entry, she never exercised it. The demandants therefore had no right of entry, as heirs to their mother or otherwise, at the time of their actual entry, and of course acquired no seisin thereby.

*Demandants nonsuit*